VICENTE L. GIMÉNEZ, Petitioner, v. DISTRICT COURT OF SAN JUAN, R. LA COSTA JR., SUBSTITUTE JUDGE, Respondent.

No. 1203. Argued February 19, 1940.—Decided March 7, 1940.

*Víctor Rivera Colón* for petitioner.   *G. Cruzado Silva* for intervener, plaintiff in the main action.

MR. JUSTICE WOLF delivered the opinion of the court.

. The application for certiorari in this court presented on February 6, 1940, set up that the District Court of San Juan had denied an application for a certiorari presented there. The application to the district court was fundamentally based on the idea that the Municipal Court of San Juan had never acquired jurisdiction over the petitioner in a suit for unlawful detainer presented against him.

The judgment against petitioner was rendered on December 22, 1939, and on the 23rd of the same month the said petitioner filed a motion that the judgment against him be set aside.   Then the petitioner in this court alleges that the Municipal Court of San Juan set the motion for the 11th of January, 1940.

It transpired that January 11 was a holiday and being aware of this, the court reset the motion for the afternoon. of January 12, 1940.   It does not appear whether the court made this resetting on the 11th or on the morning of the 12th.   From one or other of the documents before us the court is made to say that from the secretary thereof the parties had been notified of the second setting and that the defendant, petitioner in this case, had not appeared.

The respondent, plaintiff in the main action and the party principally interested, has argued, and the district court apparently agreed with him, that although the setting for

January 11 was void, such setting was automatically transferred to January 12.

██ Sections 10, 11 and 12 of the Code of Civil Procedure provide:

"Section 10.—The courts of justice may be held and judicial business be transacted on any day, except as provided in the next section.

"Section 11.—No court can be opened, nor can any judicial business be transacted on Sunday, on the first day of January, on the fourth day of July, on Christmas or Thanksgiving day, or on a day on which the general election is held, except for the following reasons: (Referring to exceptions that have no application to this case.)

"Section 12.—If any of the days mentioned in the last section happen to be the day appointed for the holding of a court, or to which it is adjourned, it is deemed appointed for or adjourned to the next day."

Sections 10 and 11 simply provide that no business can be done in a court on the days therein recited except for certain purposes therein enumerated. Section 12, it is true, provides for a transfer from any of the days mentioned before, but does not include other holidays.

Section 387 of the Political Code includes some days other than those mentioned in section 11 *supra*.

We have no doubt, however, that any other day fixed by the Legislature as a holiday is one on which the court can do no business of the nature of the motion before us, namely, one to set aside a judgment.

The said respondent relies too on section 389 of the Political Code which provides:

"Whenever any act is appointed by law or contract to be performed upon a particular day, which day falls upon a holiday, such act may be performed upon the next business day with the same effect as if it had been performed upon the day appointed.

We are inclined to think that the setting of the motion to which we have referred is not included in the terms of said section 389 because it was not "any act appointed by

law or contract to be performed upon a particular day.'' The setting of a day to hear a motion by a judge is not such an act.

Assuming without deciding that the petitioner was right and assuming also that the district court did not properly cure the defect of the setting, nevertheless, we are convinced that the writ issued in this case should be annulled.

■ At the hearing of this case the petitioner offered to bring up directly a certificate of the proceedings had before the municipal court. On objection, this court refused to admit the certificate on the ground that the district court in deciding the certiorari before it did not have said proceedings or documents before itself. Therefore, we could not in this certiorari proceeding review several of the various questions raised.

At the hearing in the municipal court the intimation of the respondent was that the defendant in the unlawful detainer proceeding, the petitioner in this case, was duly cited and that such fact was proved. The district court, we think, did not have before it all the papers to show what had been done in the municipal court.

■ We have, however, examined the petition filed below and we think it was not sufficiently descriptive of the reasons why the municipal court did not have jurisdiction over the person of the defendant-petitioner. In the district court it was the duty of the petitioner to make it appear that there was substantial ground for saying that the municipal court had never acquired jurisdiction over him.

■ The respondent also maintains and we think shows from the record or admissions of the petitioner, that the latter appealed from the judgment of the municipal court rendered on the 22nd of December 1939. There was some question, as the record discloses, about the sufficiency of the bond. We agree, however, with the respondent when he says that an appeal by the petitioner would have been an adequate remedy.

We are pretty well convinced that the district court could have refused this writ discretionally. In any event, we have no doubt that this court has a wide discretion to refuse to go on with a case under the recited conditions of this one.

The writ should be annulled.

Mr. Justice Travieso took no part in the decision of this case.